UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HERTZ EQUIPMENT RENTAL COMPANY, a Delaware corporation,<br><br>                      Plaintiff,<br><br>    v.<br><br>RAMON USEDA, FRED KICENSKI, and DOES 1 through 20,<br><br>                      Defendants. | Case No.: 3:10-cv-4953-WHA<br><br>**STIPULATED PERMANENT INJUNCTION AS TO DEFENDANT FRED KICENSKI; [PROPOSED] ORDER**<br><br>Date of Filing:   November 2, 2010<br>Trial Date:       None set |

---

STIPULATED PERMANENT INJUNCTION; [PROPOSED] ORDER                                                         13246480.2

Pursuant to Local Rules 6-2 and 7-12, and Fed. R. Civ. P. 65(d), Plaintiff Hertz Equipment Rental Corporation ("HERC") and Defendant Fred Kicenski, by and through their respective counsel, hereby stipulate and request that the Court enter an order as follows:

WHEREAS, on November 9, 2010, the Court entered the Order Extending Temporary Restraining Order, Allowing Limited Discovery, and Rescheduling Preliminary Injunction Hearing (the "November 9, 2010 Order"), the terms of which were stipulated to by HERC and Kicenski;

WHEREAS, Mr. Kicenski's deposition was taken on November 12, 2010, and the depositions of three HERC employees were taken on November 17, 2010;

WHEREAS, Mr. Kicenski and HERC now wish to resolve this matter by, among other things, having the Court enter a permanent injunction against Mr. Kicenski;

WHEREAS, Mr. Kicenski and HERC also have entered into a Settlement Agreement.

NOW, THEREFORE, KICENSKI AND HERC STIPULATE and agree that Defendant Fred Kicenski shall be and hereby is enjoined and restrained from directly or indirectly doing any and all of the following for the period from the Court's entry of this Stipulated Permanent Injunction until December 31, 2015:

1. Using or disclosing his knowledge of HERC employee compensation information, except to the extent his knowledge of an individual HERC employee's compensation was provided to Kicenski by such individual after Kicenski left HERC on August 10, 2010; and

2. Using or disclosing his knowledge of either (i) any price that any HERC customer pays to HERC, or (ii) the requirements and/or business practices of any HERC customer in its dealings with HERC, except to the extent that Kicenski's knowledge of any such price information or customer information was provided to Kicenski by the HERC customer after Kicenski left HERC on August 10, 2010.

KICENSKI AND HERC FURTHER STIPULATE and agree that Defendant Fred Kicenski shall be and hereby is permanently enjoined and restrained from directly or indirectly otherwise

- 1 -

-2-

1  violating the terms of his confidentiality agreement with HERC, entitled Hertz Information Security
2  Statement and Confidentiality Agreement for Hertz Employees and dated September 8, 2005.
3       KICENSKI AND HERC FURTHER STIPULATE and agree that the process for resolving
4  disputes as to whether any of the foregoing terms of this Stipulated Permanent Injunction and Order
5  have been violated shall be governed by Paragraph 4 of the above-referenced Settlement Agreement,
6  which provides:

> In the event that HERC reasonably suspects Kicenski has violated the Stipulated Permanent Injunction and Order referenced in paragraph 2, above, HERC shall, through its counsel, attempt to meet and confer with Kicenski, before pursuing court action, by notifying Kicenski and his counsel, James E. Sell of Sell Parton Rhoades, 750 Lindaro Street, Suite 140, San Rafael, CA 94901, in writing of any suspected violation and invite Kicenski and his counsel to respond.  Nothing in this Agreement shall be construed to preclude HERC from pursuing relief in the Court after the expiration of the above-referenced 3-business-day notice and meet-and-confer period.

12       KICENSKI AND HERC FURTHER STIPULATE and agree that the Court shall retain
13  jurisdiction over the enforcement of the terms of the above-referenced Settlement Agreement.*
14  ///
15  ///     The hearing on HERC's motion for a preliminary injunction against Kicenski that was set for
        December 2, 2010 is **VACATED.**  That motion is **DENIED AS MOOT.**
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
        * The Court will retain jurisdiction over enforcement for a period of three years.
24  ///
25  ///
26  ///
27  ///
28

STIPULATED PERMANENT INJUNCTION; [PROPOSED] ORDER            13246480.2

KICENSKI AND HERC FURTHER AGREE AND STIPULATE that this Stipulated Permanent Injunction and Order shall supersede and take precedence over the Court's November 9, 2010 Order.

IT IS SO STIPULATED.

DATED: November 30, 2010

NIXON PEABODY LLP

By: _____
Charles M. Dyke
Attorneys for Plaintiff
HERTZ EQUIPMENT RENTAL CORPORATION

DATED: November 29, 2010

PARTON SELL RHOADES

By: _____
James E. Sell
Attorneys for Defendant
FRED KICENSKI

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: November 30, 2010.

_____
Hon. William H. Alsup
United States District Judge