UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| HERTZ EQUIPMENT RENTAL COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAMON USEDA, FRED KICENSKI, and DOES 1 through 20,<br><br>Defendants. | Case No.: 3:10-cv-4953-WHA<br><br>**STIPULATED PERMANENT INJUNCTION AS TO DEFENDANT RAMON USEDA;** ~~[PROPOSED]~~ **ORDER**<br><br>Date of Filing:   November 2, 2010<br>Trial Date:        None set |
|---|---|

Pursuant to Local Rules 6-2 and 7-12, and Fed. R. Civ. P. 65(d), Plaintiff Hertz Equipment Rental Corporation ("HERC"), by and through its counsel, and Defendant Ramon Useda hereby stipulate and request that the Court enter an order as follows:

WHEREAS, on November 9, 2010, the Court entered the Stipulated Preliminary Injunction as to Defendant Ramon Useda (the "November 9, 2010 Order"), the terms of which were stipulated to by HERC and Useda;

WHEREAS, Mr. Useda and HERC now wish to resolve this matter by, among other things, having the Court enter a permanent injunction against Mr. Useda;

WHEREAS, Mr. Useda and HERC also have entered into a Settlement Agreement.

NOW, THEREFORE, USEDA AND HERC STIPULATE and agree that Defendant Ramon Useda shall be and hereby is enjoined and restrained from directly or indirectly doing any and all of the following for the period from the Court's entry of this Stipulated Permanent Injunction until December 31, 2015:

> Using or disclosing his knowledge of either (i) any price that any HERC customer pays to HERC, or (ii) the requirements and/or business practices of any HERC customer in its dealings with HERC, except to the extent that Useda's knowledge of any such price information or customer information was provided to Useda by the HERC customer after Useda left HERC on September 24, 2010.

USEDA AND HERC FURTHER STIPULATE and agree that Defendant Ramon Useda shall be and hereby is permanently enjoined and restrained from directly or indirectly otherwise violating the terms of his confidentiality agreement with HERC, entitled Hertz Information Security Statement and Confidentiality Agreement for Hertz Employees and dated January 26, 2006.

USEDA AND HERC FURTHER STIPULATE and agree that the process for resolving disputes as to whether any of the foregoing terms of this Stipulated Permanent Injunction and Order have been violated shall be governed by Paragraph 4 of the above-referenced Settlement Agreement, which provides:

In the event that HERC reasonably suspects Useda has violated the Stipulated Permanent Injunction and Order referenced in paragraph 2, above, HERC shall, through its counsel, attempt to meet and confer with Useda, before pursuing court action, by notifying Useda in writing of any suspected violation and inviting Useda to respond. Nothing in this Agreement shall be construed to preclude HERC from pursuing relief in the Court after the expiration of the above-referenced 3-business-day notice and meet-and-confer period.

USEDA AND HERC FURTHER STIPULATE and agree that the Court shall retain jurisdiction over the enforcement of the terms of the above-referenced Settlement Agreement for a period of three years.

USEDA AND HERC FURTHER AGREE AND STIPULATE that this Stipulated Permanent Injunction and Order shall supersede and take precedence over the Court's November 9, 2010 Order.

IT IS SO STIPULATED.

DATED: January 7, 2011                    NIXON PEABODY LLP


By: __/s/ Charles M. Dyke__
Charles M. Dyke
Attorneys for Plaintiff
HERTZ EQUIPMENT RENTAL CORPORATION


DATED: January 7, 2011


__/s/ Ramon Useda__
Ramon Useda

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: January 11, 2011.          _____
Hon. William H. Alsup
United States District Judge

-2-